IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| YVONNE REEVES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:13cv00001 |
| v. | ) |
| | ) |
| CAREY CAMPBELL, <u>et al.</u>, | ) By:  Michael F. Urbanski |
| | )        United States District Judge |
| Defendants. | ) |

## ORDER

This matter was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition.  The Magistrate Judge filed a report and recommendation on May 2, 2013, recommending that the defendants' motion to dismiss be granted because plaintiff failed to state a claim for racial discrimination in violation of the Fair Housing Act.  No objections to the report and recommendation were timely filed.  The court entered an Order on May 23, 2013 adopting the report and recommendation and dismissing this case.

On July 8, 2013, the court received a letter from plaintiff, in which she asserted that she had not received a copy of the magistrate judge's report because someone had tampered with her mailbox.  The court construed this letter as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and, by Order entered July 11, 2013, the court granted the motion, vacated its May 23rd Order, and gave plaintiff fourteen (14) days to file any objection to the report and recommendation.  On July 17, 2013 plaintiff filed additional evidence, which she titled "More Proof of Discrimination."  This additional evidence includes new allegations of discrimination, copies of letters written by plaintiff and other alleged witnesses, and court documents and documents from Melton's Run Apartments concerning plaintiff's failure to pay

rent. Defendants have responded, arguing plaintiff failed to specifically object to the report and recommendation pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).

The court agrees. Even read liberally, none of this additional evidence filed by plaintiff can be construed as a specific objection to the magistrate judge's report and recommendation. Rather, this appears to be an attempt by plaintiff to amend her complaint to add new allegations and new support for her existing allegations. Pro se pleadings are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), but courts may not construct a pro se plaintiff's legal arguments for her. See Hall v. Mitchell, No. 1:10-cv-3173-GRA-SVH, 2011 WL 6115197, at *1 (D.S.C. Dec. 7, 2011) (citing Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)).

Having carefully reviewed the report, the court finds that the magistrate judge was correct in concluding that plaintiff fails to state a claim for racial discrimination under the Fair Housing Act and is of the opinion that the report and recommendation should be adopted in its entirety. It is accordingly **ORDERED** and **ADJUDGED** that the defendants' motion to dismiss (Dkt. # 8) is **GRANTED** and that this matter is dismissed without prejudice and **STRICKEN** from the active docket of the court.

The Clerk is directed to send a certified copy of this Order to plaintiff and to counsel of record.

Entered: August 13, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge